## TOWN OF JASPER v. CASSIDY.

[No. 8,620.    Filed June 24, 1913.]

1. APPEAL.—*Waiver of Error.—Briefs.*—Alleged error in stating the conclusions of law is waived by appellant's failure to set out in the brief either the finding of facts or the substance thereof, but where appellee's brief contains a statement of the facts which, when considered with those shown by appellant's brief, are sufficient to enable the court to know the principal and controlling question in the case, the same may be considered. •p. 679.

2. MUNICIPAL CORPORATIONS.—*Public Improvements.—Streets.—Assessments Against Abutting Property.—Statutes.*—Neither the provisions of the cities and towns act of 1905 (Acts 1905 p. 219, §§107, 108, 265) relating to the improvement of streets and the assessment of the cost against abutting property, nor of the act of 1909 (Acts 1909 p. 412) amending said sections in certain particulars, authorize the assessment of abutting property for the improvement of a street by grading only, but clearly contemplate grading and paving with some kind of modern paving material, so that by the one proceeding and assessment there shall be a complete and finished improvement. p. 680.

3. STATUTES.—*Construction.—Subsequent Enactments.—Presumptions.*—The legislature is presumed to be acquainted with existing laws, and, in legislating on any subject, to have the same in view, and to take cognizance of the construction placed on any statute by the courts of last resort. p. 680.

From Dubois Circuit Court; *John L. Bretz,* Judge.

Proceedings by the town of Jasper for the improvement of a certain street by grading only. From a judgment in

favor of Lizzie T. Cassidy on her appeal from the assessment against her property, this appeal is prosecuted. *Affirmed.*

*Bomar Traylor,* for appellant.

*Horace M. Kean* and *Richard M. Milburn,* for appellee.

Felt, J.—This case was transferred to this court from the Supreme Court. The appellee appealed to the Dubois Circuit Court from an assessment of benefits made by the board of trustees of the town of Jasper, Indiana, against a lot owned by her in said town. From a finding and judgment in favor of appellee, this appeal is prosecuted and the only error assigned is that the court erred in its conclusions of law stated on the finding of facts made at the request of the parties.

1. The appellant has not set out in its brief the finding of facts nor stated the substance thereof. Under the rules of this court and numerous decisions, the error, if any, is thereby waived. However, appellee in her brief, has stated facts which considered with those shown by appellant's brief enable the court to know that the principal and controlling question in the case, is whether the town board has power under the statute to order a street graded, without otherwise improving it, and to assess the cost thereof against abutting property.

The original declaratory resolution was passed by the board of trustees of the town of Jasper on June 21, 1909. Appellee appeared before the board and duly remonstrated on the ground of (1) insufficient notice; (2) that her property would not be benefited, but would be damaged by the proposed grading to the extent of $125; (3) that the contract included work not contemplated by the declaratory resolution; (4) that the work was negligently done and not completed according to specifications; (5) that the whole proceeding is void because there is no law authorizing the board to grade streets and assess the cost thereof to the

abutting property unless by the same proceeding the street is to be paved with some kind of modern paving material.

2. The law of 1889 (Acts 1889 p. 237, §4288 Burns 1901) authorized streets to be "graded and paved" and it was held that the statute did not empower municipal authorities to pass and enforce an ordinance for the grading of a street without paving it, and charge the abutting property with the cost of such improvement. *Taylor v. Patton* (1903), 160 Ind. 4, 66 N. E. 91. The foregoing decision is decisive of the question presented here unless subsequent enactments have changed the law.

3. The legislature is presumed to be acquainted with existing laws and in legislating on any subject to have the same in view and to take cognizance of the construction placed on any statute by the courts of last resort. 2 Lewis' Sutherland, Stat. Constr. (2d ed.) §§355, 499; *City of Rushville v. Rushville Natural Gas Co.* (1892), 132 Ind. 575, 581, 28 N. E. 853, 15 L. R. A. 321. The

2. Cities and Towns Act of 1905 (§§107, 108, 265 Acts 1905 p. 219, §§8710, 8711, 8959 Burns 1908) does not authorize the assessment of abutting property for grading only, but clearly contemplates grading and paving with some kind of modern paving material, so that by the one proceeding and assessment there shall be a complete and finished improvement. The act of 1909 (Acts 1909 p. 412) amended the foregoing sections in certain particulars. Section 1 provides: "Whenever the board of public works shall desire to improve a street, alley, or other public place in said city, in whole or in part, with one of the kinds of modern pavements, said board shall adopt a preliminary resolution for such improvement. Said board shall at the same time adopt and place on file general details, drawings and general specifications for such work * * * and for the foundation of the pavement proposed to be laid * * * suitable for use in connection with the wearing

surface of any of the kinds of modern city pavements."
The section makes further provision for the property owners
to select "some kind of pavement other than those originally
designated" and later on authorizes the board to make a
final order "fixing the kind of pavement to be laid." The
act further provides that: "If said board shall desire to
gravel or macadamize one of the streets of said city, or to
improve one of said streets otherwise than by paving with
one of the kinds of modern city pavements, or to improve
any sidewalk, and to assess the cost thereof against the prop-
erty specially benefited thereby, said board shall proceed
in accordance with the provisions of this section: *Provided,*
That in such case said board shall not be required to adopt
several sets of specifications, but in lieu thereof, said board
at the time of the adoption of the preliminary resolution
for said improvement, shall adopt complete plans and speci-
fications for said work with such material as it may select."
These provisions clearly indicate that some kind of wearing
surface is to be used in every improvement, where the abut-
ting property is to be assessed with the cost of such improve-
ment, and we find nothing in the amended sections indicating
any intention on the part of the legislature to authorize
municipalities to improve either a street or sidewalk by
grading only, and assess the cost thereof to the abutting
property. The language of the act of 1909 is different from
that of the act of 1889, but there is no mention of an im-
provement by grading only, or any language indicating an
intention on the part of the legislature to change the rule
declared by the Supreme Court in construing the former
act. Independent of the decision, however, we think the
act of 1909, clearly indicates that abutting property is to
be charged only with the cost of complete improvements
authorized by the statute, including some kind of pavement
or wearing surface selected or ordered as provided in the
act.

As the law did not warrant the assessment of appellee's property for grading only, the court did not err in its conclusions of law and the judgment is therefore affirmed.

NOTE.—Reported in 102 N. E. 278. See, also, under (1) 2 Cyc. 1013, 1014; (2) 28 Cyc. 1109; (3) 36 Cyc. 1146. As to rules for construing statutes, see 12 Am. St. 827. As to liability of town for change, etc., of street grades, see 30 Am. St. 835; 43 Am. Dec. 723. As to charging expense of grading for sidewalk upon abutting owner, see 28 L. R. A. 946.