## KEIGHER v. GENERAL ELECTRIC CO.

(Supreme Court, Appellate Division, Third Department. May 3, 1916.)

MASTER AND SERVANT ⊕⇒393½—WORKMEN'S COMPENSATION ACT—MEDICAL ATTENDANCE—"REQUIRED"—"REQUESTED."

Workmen's Compensation Act (Consol. Laws, c. 67) § 13, providing that the employer shall promptly provide for the injured employé "such medical, surgical or other attendance or treatment, nurse and hospital service, medicines, crutches and apparatus as may be required or be requested by the employé, during the sixty days after the injury," and that if the employer fails to provide the same, the injured employé may do so at the employer's expense, does not entitle the employé to designate the particular individual who is to render the service, so long at least as a competent person is provided; the words "required" and "requested" relating to the nature or character of the attendance or treatment or service, and not to the personnel of the one who is to render it. and the meaning being such attendance as is needed or reasonably and properly requested.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. ⊕⇒393½. For other definitions, see Words and Phrases, First and Second Series, Request; Require.]

Submission of a controversy on an agreed statement of facts, under Code Civ. Proc. § 1279, by Roy C. Keigher, against the General Electric Company. Judgment for defendant.

Borst & Smith, of Schenectady (George B. Smith, of Schenectady, of counsel), for plaintiff.

Richmond D. Moot, of Schenectady, for defendant.

COCHRANE, J. One Frank Pisarzky was an employé of the defendant, and while in its service on January 19, 1915, sustained an injury for which he was entitled to compensation under the Workmen's Compensation Law. The defendant provided a concededly competent physician and surgeon to care for Pisarzky until January 23, 1915, when the latter arbitrarily refused to accept such services, and requested the defendant to provide for him the services of the plaintiff, who is a physician and surgeon, which the defendant declined to do. The plaintiff thereafter rendered medical services to Pisarzky, and presented a bill therefor to the defendant, amounting to $54, which the defendant refused to pay. The State Industrial Commission thereafter, without notice to the defendant, approved said bill at $40, and the question for our consideration is whether the defendant is liable therefor to the plaintiff.

------

⊕⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The Workmen's Compensation Law, in section 13 thereof, provides as follows:

"The employer shall promptly provide for an injured employé such medical, surgical or other attendance or treatment, nurse and hospital service, medicines, crutches and apparatus as may be required or be requested by the employé, during sixty days after the injury. If the employer fail to provide the same, the injured employé may do so at the expense of the employer. The employé shall not be entitled to recover any amount expended by him for such treatment or services unless he shall have requested the employer to furnish the same and the employer shall have refused or neglected to do so. All fees and other charges for such treatment and services shall be subject to regulation by the commission as provided in section 24 of this chapter, and shall be limited to such charges as prevail in the same community for similar treatment of injured persons of a like standard of living."

By section 24 of the act it is also provided:

"Claims for legal services in connection with any claim arising under this chapter, and claims for services or treatment rendered or supplies furnished pursuant to section 13 of this chapter, shall not be enforceable unless approved by the commission. If so approved, such claim or claims shall become a lien upon the compensation awarded, but shall be paid therefrom only in the manner fixed by the commission."

Stated concretely, the practical question is whether the employer or an injured employé may designate the particular individual or individuals who are to furnish the "medical, surgical or other attendance or treatment, nurse and hospital service," which the statute contemplates shall be provided by the employer. The question is one of statutory construction, and such construction must be given as most accords with the phraseology employed in the statute and as may be most reasonable and conducive to public policy and the objects sought to be accomplished by the statute.

Similar provisions are contained in the Workmen's Compensation Laws of many of the states of the United States, but in none of them has any decision been brought to our attention where it has been held that the employé could select the individual to render the services which the employer was required to provide. The phraseology of the statutes in the various states differs, and consequently no precedent exists for the interpretation which should be placed on the statute of this state, but the fact that it has nowhere been held that the employé can exercise this privilege is somewhat indicative of the general policy of the law on the subject. In City of Milwaukee v. Miller, 154 Wis. 652, 144 N. W. 188, L. R. A. 1916A, 1, Ann. Cas. 1915B, 847, the Supreme Court of that state said:

"The burden for all reasonable medical aid and surgical treatment, medicine, etc., is cast on the employer, limited as to time, with the very wise and necessary safeguard against imposition that the choice of the medical or surgical attendant shall be left with him, and that, if the injured person unnecessarily chooses his own physician, he will do so at the peril of having to bear the burden of the expense. That is a very valuable protection to injured persons as well as to employers. The natural effect of a firm enforcement of it will be to expedite the return of honest claimants to the walks of industry and prevent them from having their misfortunes exploited for others' benefit. If the advantages to be gained by a firm administration of such provision would be greater on one side than on the other, it is the side of the em-

ployés. Therefore, in case of a personal injury to an employé in the line of his duty, the law should be construed and applied so as to secure to his employer reasonable opportunity to conserve the mutual interests of the two parties to the misfortune by supplying the medical and surgical needs of the injured."

The court in that case by using the language quoted was simply expressing the same idea which had existed in the minds of the legislative committee which drafted the law of that state and reported it to the Legislature as follows:

"The employer must provide medical and surgical treatment, medicine, etc., for 90 days. This provision is made for two reasons: First. As a rule an employer is more competent to judge the efficiency of the doctor employed and to provide efficient medical and surgical treatment. Second. It is to the interest of the employer to furnish the very best medical and surgical treatment, so as to minimize the result of the injury and to secure as early a recovery as possible. The more serious the result of the injury, the more the employer must pay. Also by this means he obtains a complete knowledge of the exact condition of the injured employé."

It is urged in the present case, however, that the use of the word "requested" in section 13 of the act above quoted indicates that the employé may exercise his choice as to the person who shall render him service. I am unable to appreciate the force of this argument. Whatever distinction may exist between the words "required" and "requested," as used in the statute, and whatever additional force or meaning is given to the statute by the use of the word "requested," it seems to me quite clear that both words relate to the nature or character of the attendance or treatment or services, and not to the personnel of the one who is to render such attendance or treatment or services. The word "required" sometimes means, according to Webster, "needed," or, according to the Century Dictionary, "rendered necessary or indispensable." In many cases the nature of the injury is such that the need for particular medical or surgical or other treatment is apparent, and may be imperative, but the injured employé by reason of his injury may not be physically conscious of that fact, or in any condition to make a request therefor. In such cases the statute requires the employer to make proper provision for such treatment without waiting for a request of the employé. In other cases the necessity or propriety of medical, surgical, or hospital service may not be apparent or obvious, but it may nevertheless be necessary and proper, and in such a case the employé must make the request in order to bring the reasonableness or the propriety of such attendance or service home to the employer. But the duty to provide certain services, which is cast by the statute upon the employer, naturally implies the right of the latter to select his own agencies for the proper fulfillment of that duty, unless language is found in the statute indicating a contrary intent. I think that had the Legislature intended such a radical departure from the logic of the situation as would be created by casting upon the employer the duty of providing important professional services without permitting him the slightest voice or discretion in the selection of the person or persons who should render such services and had intended to create such an important innovation in the law, such

intention would have been manifested by clear and apt and unmistakable language.

Furthermore .I am unable to see why any request should be made of the employer, if the latter has no choice in the selection. The law does not require the performance of useless acts. If an injured employé may select a particular physician at the expense of the employer, why should he request the employer to provide him? Why that circuity of action, if the employer can do nothing but execute the wish of the employé? It would be more direct for the employé himself to call the physician, instead of asking the employer to do so. The purpose is not to enable the employer to make a contract with the physician and thus protect himself against exorbitant charges, because the statute places the matter of all fees and charges for such services under the regulation of the commission and provides that such expenses "shall be limited to such charges as prevail in the same community for similar treatment of injured persons of a like standard of living." Neither is the request to an employer for a particular physician essential in order that the employer may investigate the propriety of such services, because section 18 of the act requires notice of the injury to be given the employer within 10 days. I am unable to see that the second and third sentences of section 13 of the act have any practical meaning whatever, if the contention of the plaintiff herein is tenable. Eliminate them completely from the section, and the same result is reached in all particulars, if the construction contended for by the plaintiff is to prevail. Such a construction should be given to the statute, if possible, as will give to every part thereof some use and efficacy. I think the proper construction of this statute is that, if services or supplies of the character indicated by section 13 are needed, or reasonably and properly requested by the employé, the employer must provide the same, using his own judgment and exercising his own choice as to the person who shall render such services and as to the nature of the supplies, and "if the employer fail to provide the same the injured employé may do so at the expense of the employer." And in such case the charges are subject to regulation by the commission and may be recovered of the employer. It is only by this latter construction that every part of section 13 can be rendered effective. Such construction likewise, as heretofore indicated, is more in harmony with the policy of the law as declared in other jurisdictions.

The employer, of course, cannot make an unreasonable selection. There may be instances where the employé would have a right to be consulted and a reasonable and proper deference paid to his wishes. In Massachusetts the statute (St. 1911, c. 751, pt. 2, § 5) provides that "the association shall furnish reasonable medical and hospital services, and medicines when they are needed," and it has been held by the Industrial Accident Board of that state that:

"In ordinary cases the insurance company has the right to elect what doctor and at what hospital the injured employé shall be treated. It may happen, as it has in many cases, that because of sufficient reasons growing out of the nature of the injury, personal dislike of the doctor, or upon other grounds, the Industrial Accident Board will approve a reasonable bill where services were rendered by a physician selected either by the employé or employer."

But that question does not here arise, because it is stipulated that the physician offered by the defendant was competent, and no reason is suggested why his services should not have been accepted by the plaintiff.

Judgment is ordered for the defendant, without costs. All concur; KELLOGG, P. J., in result, in opinion, in which LYON, J., concurs.

JOHN M. KELLOGG, P. J. (concurring in result). The provisions of section 13 are not intended for the benefit of the employer, but of the injured employé. The fact that the payments to be made by the employer may depend upon the duration of the disability has nothing to do with the choice of the doctor or nurse or hospital, because after 60 days the injured employé must obtain and pay for his own doctor, nurse, or hospital. The provision, therefore, is an emergency one, to tide over the first 60 days; it being considered that the claimant will then have his award and will be able to employ a doctor for himself. His wages are stopped, and the circumstances require immediate help. I think the section means, so far as we are interested in it, that the employer must furnish a doctor such as the circumstances reasonably require and as the injured employé may reasonably request. A sick man must select his own doctor, nurse, or hospital; otherwise, the benefits intended will not be realized. There is no reason why the company should dictate as to the personnel of the doctor, the nurse, or of a hospital for the first 60 days, and have no voice in those matters after that time. It may cost the company less to select its own doctor; but the interest of the patient, and not the economy of the employer, was in the mind of the Legislature. I think, therefore, that if the injured employé makes a reasonable and timely request for the employment of a particular doctor, reasonably available, the request should be observed; but in this case the company's doctor attended the patient for three or four days without objection, the patient apparently acquiesced in the selection, and there is no suggestion that the services were not properly rendered, the case properly treated, or that the patient was not making reasonable progress. The injury was a burn upon the foot. Evidently the employé was as well able to select a doctor on that day as any other. By continuing to receive the treatment of the company's doctor for three or four days he assented to his employment and cannot now repudiate it. It is not alleged that the plaintiff was the personal or family physician of the employé; no reason is alleged why he should supersede the doctor in charge; it does not appear why he insisted upon attending the case at the expense of the defendant, when it already had a competent doctor in charge. The patient has so far requested and approved of the selection of the physician furnished by the company that the request to employ the plaintiff is not reasonable or binding upon the defendant.

I therefore concur in the result.

LYON, J., concurs.