# IN RE MEYERS.

### [No. 9,948A.   Filed June 1, 1917.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Compensation of Physician.—Liability.—Evidence.—Sufficiency.—* Where the employer directed a physician to take an injured employe "to the hospital, give him close attention and do the best you can for him," and the employer had full knowledge of the serious nature of the injury and that it was being treated beyond the thirty-day period specified in the act, the inference was warranted that the physician was authorized to continue the treatment at the employer's expense so long as necessary to effect a cure or to give the injured person every possible chance to be cured. p. 603.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Questions of Fact.—Finding of Industrial Board.—Conclusiveness.* —The determination of questions of fact by the Industrial Board is conclusive, and the Appellate Court, upon the certification of a question of law, is only warranted in deciding that a certain inference may or may not reasonably be drawn from the facts stated. p. 604.

From the Industrial Board of Indiana.

Certified Question of Law.

Proceedings under the Workmen's Compensation Act

in the matter of Henry C. Meyers. Question of law certified by the Industrial Board. *Question answered.*

FELT, J.—The Industrial Board of the State of Indiana has duly certified to this court a question of law based upon a statement of facts which is as follows: "That on the 15th day of May, 1916, E was in the employment of F at an average weekly wage of $10.50; that on said date E received a personal injury by an accident arising out of and in the course of his employment, resulting in severe third degree burns over his face, head, chest and hands; that F had actual personal knowledge of said injury at the time that it occurred and employed G who was a skilled licensed, practicing physician, to treat the injuries of E, and said to the physician, 'Take this man to the hospital, give him close attention and do the best that you can for him.'" The employer did not at said time or at any other time expressly say to said physician that he should discontinue his treatment at the expiration of the first thirty days from the date of the injury, or that he should continue his treatment after the expiration of thirty days, but on frequent occasions, both before and after the expiration of the thirty days, inquired of the physician as to the condition of the employe and as to the progress he was making toward recovery; that at the expiration of thirty days the condition of the employe was such as to make continued treatment absolutely necessary; that at said time he was requiring two visits every day from the physician, who upon each occasion removed dead and destroyed tissue and at the same time was conducting a process of skin grafting in order to prevent scar tissue and permanent disfigurement of the employe; that said treatment was continued for a period of eighty-seven days from the date of injury, and as a result of said treat-

ment the employe recovered with practically no scar tissue and without serious disfigurement. The physician's bill for the last fifty-seven days' treatment is $171, which is admitted by the employer to be reasonable and a proper charge under §26 of the Indiana Workmen's Compensation Act, but he denies liability therefor." Acts 1915 p. 392.

"*Certified question of law:* Upon the foregoing facts is the physician entitled to have his claim for the $171 approved as against the employer?"

The language used by the employer immediately following the injury, in directing the physician to treat the injured employe, standing alone, would warrant the inference that the treatment should continue so long as necessary to effect a cure or give the injured person every possible chance to be cured. Such statements of the employer considered in connection with the character of the injury, the employer's knowledge thereof, and of the continued treatment by the physician beyond the thirty-day period, and his apparent solicitude about the treatment and the patient, are at least sufficient to warrant the proper tribunal in inferring the fact that the employer duly authorized the physician to continue the treatment for the full period for which he asks an allowance. Unless this court can say 2. that the foregoing is the only inference that may reasonably be drawn from the facts stated, it is not warranted in going further than to decide as a question of law that such inference may or may not reasonably be drawn from the facts as stated.

The determination of questions of fact by the board is conclusive, and in view of this rule we deem it proper to leave the finding of the ultimate fact to the board, with the further statement that if, in the judgment of the board, the services of the physician beyond the first thirty-day period were authorized by the employer, the

Whitcomb *v.* Indianapolis Traction, etc., Co.—64 Ind. App. 605.

question of law propounded by the board should be and is answered in the affirmative; otherwise in the negative.

NOTE.—Reported in 116 N. E. 314. See note *ante* p. 602.