## Born and Company *v.* Durr.

[No. 9,792. Filed June 7, 1917.]

Master and Servant.—*Workmen's Compensation Act.—Physician and Hospital Service.—Liability of Master.—Authority of Industrial Board.*—The Industrial Board has no authority under §25 of the Workmen's Compensation Act, Acts 1915 p. 392, to order that an attending physician or surgical and hospital services and supplies be furnished an injured employe at the master's expense after the expiration of the first thirty days following the injury.

From the Industrial Board of Indiana.

Proceedings under the Workmen's Compensation Act in the matter of U. S. Grant Durr against Born and Company. From an order of the Industrial Board ordering medical attention beyond the thirty-day period provided in the act, the defendant appeals. *Reversed.*

*John B. Coughlin,* for appellant.

*Randolph & Milford,* for appellee.

IBACH, P. J.—This is an appeal from an order of the Industrial Board of Indiana, dated September 28, 1916, ordering medical treatment of the appellee continued at the expense of the appellant beyond the thirty-day period provided in §25 of the Indiana Workmen's Compensation Act. Acts 1915 p. 392.

The facts are, in brief, as follows: On August 24, 1916, appellee was injured by an accident arising out of and in the course of his employment by appellant, which accident was covered by said act. He was taken to the hospital and there treated by a physician furnished by the employer. On September 26, 1916, the employe filed with the Industrial Board a petition asking for an order "requiring the employer to pay all necessary bills for services of his said physician and hospital bills for such time as his condition may require." In addition to the facts above shown it is stated in said petition that appellee is now in the hospital receiving treatment and care daily under the supervision of a competent "physician and surgeon." That he is informed by his said physician and believes it to be a fact that his injuries are of such a serious nature and character that he will be required to remain at said hospital for medical treatment and care for a longer period than thirty days after said injury.

The Industrial Board finds that said period for medical treatment, at the expense of the employer, should be extended for a period longer than thirty days after the date of said injury and ordered and directed that said services be continued at the expense of said employer until further ordered by the board.

The questions presented involve the construction of §25 of the Workmen's Compensation Act, *supra,* and may be stated as follows: (1) Has the board author-

ity to order that an attending physician be furnished the employe at the expense of the employer after the expiration of the first thirty days? (2) Has the board authority to order that surgical and hospital services and supplies be furnished the employe at the expense of the employer after the expiration of the first thirty days?

After a careful reading of §25, *supra,* we are unable to find any authority therein by which the Industrial Board may require the employer to furnish either an attending physician or, in the first instance, surgical and hospital services beyond the thirty-day period. It follows therefore that the order of the Industrial Board in this case was erroneous.

Judgment reversed.

NOTE.—Reported in 116 N. E. 428. See note *ante* p. 602.