KIRKOFF BROTHERS AND MCELWAINE ET AL. *v.* MCCOOL.

[No. 9,848. Filed June 7, 1917.]

1. MASTER AND SERVANT. — *Workmen's Compensation Act.* — *Claim of Physician.*—*Liability of Insurance Carrier.*—Where an employer duly authorizes treatment by a physician of an injured employe beyond the first thirty days after his injury, the insurance carrier, under the provisions of the Workmen's Compensation Act, Acts 1915 p. 392, is liable therefor, and the claim for medical services may be enforced by the physician against the insurance carrier. p. 647.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Allowance of Physician's Claim.*—*Right of Appeal.*—In view of §§60, 61, 66 of the Workmen's Compensation Act, Acts 1915 p. 392, providing that the action of the Industrial Board is conclusive in controversies relating to fees of physicians, "but either party to the dispute may appeal," an appeal will lie from an order of the Industrial Board allowing a physician's claim for services to an injured employe. p. 648.

From the Industrial Board of Indiana.

Claim under the Workmen's Compensation Act by John F. McCool, physician, against Kirkoff Brothers and McElwaine, employer, and the Prudential Casualty Company for medical treatment of an injured employe. Claim allowed, and employer and insurer appeal. *Award approved and order affirmed.*

*Thomas Stevenson,* for appellants.
*James E. Rocap* and *John J. McShane,* for appellee.

FELT, J.—Fount Royston was an employe of appellant Kirkoff Brothers and McElwaine, and on July 12, 1916, was injured in an accident arising out of and in the course of his employment. Appellant Prudential Casualty Company was the insurance carrier for its coappellant under and in pursuance of the provisions of the Indiana Workmen's Compensation Law. Appellee was employed to render medical treatment and, on November 14, 1916, filed with the Industrial Board of Indiana his claim for services and asked that it be allowed against both of the appellants.

The claim was duly presented and the board found that on July 12, 1916, Fount Royston was in the employment of Kirkoff Brothers and McElwaine, and on said day received a personal injury by an accident arising out of and in the course of his employment; that on July 15, 1916, said employer employed appellee McCool to treat said Royston and expressly authorized him to treat such injured employe until he was fully recovered from his injuries, and expressly directed him to continue his treatment beyond the thirty days after the date of his injury; that in pursuance of such employment appellee treated said Royston from July 15 to and including October 9, 1916; that his services therefor are reasonably worth $105.50; that on August 17, 1916, appellant insurance company notified appellee that it would not pay for any treatment of said Royston beyond

thirty days after the day on which he was injured. The Industrial Board duly allowed and approved the claim in the sum of $105.50 against both defendants, the appellants in this appeal.

The only error of law assigned is by appellant Prudential Casualty Company. The assignment is stated in different ways, but only one question is duly presented, which is that the court erred in approving appellee's bill for services rendered beyond the first thirty days after the injury was received and in allowing the same against the insurance carrier

The board expressly finds that the employer duly authorized and directed the continuation of the treatment of the injured employe beyond the first

1. thirty days after his injury, and there is no question or dispute about the fact of such employment. This court has recently considered the identical question here presented and decided it adversely to appellant's contention by holding that, where the employer duly authorizes treatment by a physician of an injured employe beyond the first thirty days after his injury, the insurance carrier, under the provisions of the Indiana Workmen's Compensation Act, is liable therefor, and such claim may be enforced by the physician against the insurance carrier. *In re Kelley*, (1917), *ante* 594, 116 N. E. 306.

We have thus disposed of the merits of this appeal, but two motions are pending which we deem it proper to consider. Appellant has filed and duly presented a request for an oral argument, which ordinarily would be granted; but in this instance, there being but one question on the merits of the appeal, the court, having recently considered and decided the identical question, after due consideration, deems it inexpedient and unnecessary to hear oral argument, and therefore overrules the petition therefor.

Kirkoff Bros. *v.* McCool—64 Ind. App. 645. .

Appellee has moved to dismiss the appeal on the ground that the statute does not authorize an appeal from an order of the Industrial Board allowing and approving the claim of a physician for services.

This question has in effect, though not expressly, been decided adversely to appellee's contention, and correctly so under the provisions of the Indiana Workmen's Compensation Act. Section 65 of the act provides that: "Fees of attorneys and physicians and charges of hospitals for services under this act shall be subject to the approval of the Board." Section 74 requires policies of insurance to contain an agreement that the insurance carrier "will promptly pay to the person entitled to same all benefits conferred by this act"; and further provides that "Such agreement shall be construed to be a direct promise by the insurer to the person entitled to compensation enforceable in his name."

In passing on the facts relating to controversies over the fees of physicians, the action of the Industrial Board is conclusive and binding upon the parties, "but either party to the dispute may * * * appeal to the Appellate Court for errors of law under the same terms and conditions as govern appeals in ordinary civil actions." §§60, 61, 66 of the Indiana Workmen's Compensation Act. Acts 1915 pp. 392, 410, 412.

The motion to dismiss the appeal is overruled. The award of the Industrial Board is approved, and the order allowing the claim of the physician against the insurance carrier is affirmed.

NOTE.—Reported in 116 N. E. 439. See note *ante* p. 602.