The People of the State of New York ex rel. Caroline H. Field, Relator, v. John F. Gilchrist and Others, Constituting the State Tax Commission, Respondents.— Determination unanimously confirmed, with fifty dollars costs and disbursements.

Before State Industrial Board, Respondent. William Raymond, Respondent, v. Kreetan Company and Another, Appellants.— Award unanimously affirmed, with costs to the State Industrial Board.

E. H. Stafford Manufacturing Company, Respondent, v. Schenectady-Strand Theatre Corporation, Appellant.— Motion granted, with ten dollars costs.

Louis Sweek, Appellant, v. George Carey, Respondent.— Motion granted, with ten dollars costs, unless within twenty days plaintiff perfects his appeal, and pays said costs, in which event motion is denied.

James J. Sheehan, Appellant, v. Patrick Coffey, Respondent.— Motion denied, with ten dollars costs.

Before State Industrial Board, Respondent. State Treasurer (Claim Arising Out of Death of David Summerville), Respondent, v. The Factors Delivery Company and Another, Appellants.— Motion denied.

Fred Snay, Appellant, v. James H. Davis, Respondent.— Order unanimously affirmed, with costs.

John W. Snyder and Another, Respondents, v. Carlotta Wiltsie, Appellant. — Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. All concur.

Before State Industrial Board, Respondent. John Wagner, Respondent, v. Vincent Dzierzanowski, Appellant.— Motion denied.

Western Electric Co., Inc., Respondent, v. Louis Rubin and Others, Appellants.— Motion granted, with ten dollars costs.

Before State Industrial Board, Respondent. Nicholas Wendell, Respondent, v. F. N. Burt Co., Inc., and Another, Appellants.— Motion denied.

Before State Industrial Board, Respondent. Floyd Warren, Respondent, v. Local Milk and Cream Company and Another, Appellants.— Award as to the hospital and doctors' charges reversed and as to such charges matter remitted to the State Industrial Board, with costs against said Board to abide the event on the ground that the evidence fails to show the necessity of hospital service for the entire period of 408 days and that there is no evidence or finding that either the hospital or doctors' charges were such as prevailed " in the same community for similar treatment of injured persons of a like standard of living " as the claimant.*　　All concur.

---

* See Workmen's Compensation Law, § 13.— [Rep.