Before STATE INDUSTRIAL BOARD, Respondent.

GEORGIANA BALDERSON, Respondent, *v.* WALLACE & COMPANY and Another, Appellants.

Third Department, March 4, 1925.

Workmen's compensation — award for medical care and nurse's services — claimant was member of New York City Farm Colony during period of award — no evidence of cost of services other than average cost of care of inmates — under Workmen's Compensation Law, § 13, in force at time of accident in 1919, liability for medical treatment and nursing limited to sixty days — Commission might require from employer longer treatment — employer had right to select place for treatment and persons giving it — amendment of 1922 making liability depend on nature of injury or process of recovery not retroactive.

An award for medical care and nurse's services while the claimant was a member of the New York City Farm Colony, a public institution maintained by the department of public welfare of the city of New York, for 1,244 days at the rate of one dollar and five cents per day, is not sustained by the evidence, since there was no attempt to prove the value of such services and the award was based merely on the average cost of the maintenance of inmates of the farm colony.

Furthermore, the award cannot be sustained under section 13 of the Workmen's Compensation Law as it existed at the time of the accident in 1919, since that section limited the liability for medical treatment and nursing to a period of sixty days after the injury, except that the Commission might, where the nature of the injury or process of recovery required a longer period of treatment, require the same from the employer. No such requirement was made in this case, and, if made, it would have been the privilege of the employer to furnish the services elsewhere than at the farm colony, and by persons of its own selection.

The amendment to the Workmen's Compensation Law in 1922, which makes liability for medical care and nursing depend on the nature of the injury or the process of recovery without limitation as to time, is not retroactive and does not apply in this case.

APPEAL by Wallace & Company and another from an award of the State Industrial Board, made on the 8th day of January, 1924.

The claim herein is for medical expense to the city of New York.

*Pettigrew, Glenney & Bovard* [*Walter L. Glenney* of counsel], for the appellants.

*Carl Sherman, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

*George P. Nicholson, Corporation Counsel* [*John F. O'Brien, Henry J. Shields* and *Morris Straus* of counsel], for the City of New York.

COCHRANE, P. J.:

The accident occurred April 23, 1919. Compensation has been awarded and paid and no complaint is made in respect thereto. The nature of the injury caused claimant to become partially demented. On July 1, 1920, she entered the New York City Farm Colony where she was maintained until February 14, 1924. This farm colony is a public institution maintained by the department of public welfare of the city of New York. The award in question is for "medical care and nurse's services" in said institution for a period of 1,244 days at the rate of $1.05 per day, amounting to $1,306.20. The charge of $1.05 a day was arrived at by averaging the expenses of all the inmates of the institution including maintenance, medical services and nursing for such as required such services. It does not appear that the claimant required or received any particular medical care or nursing except such as may have been given generally to all the inmates and there was no attempt at any of the hearings to prove the value of such services as may have been rendered to her individually. And it follows as a matter of course that there was no evidence that such charges were such as prevailed "in the same community for similar treatment of injured persons of a like standard of living." (Workmen's Compensation Law, § 13; *Warren* v. *Local Milk & Cream Co.,* 211 App. Div. 830.) But there is a more vital difficulty about this award. The statute in force at the time of the accident in 1919 (Workmen's Compensation Law, § 13) and which controls this case limited the liability for medical treatment and nursing to a period of sixty days after the injury except that the Commission might where the nature of the injury or the process of recovery required a longer period of treatment *require the same from the employer.* No such requirement has been made in this case. Had it been so made it would have been the privilege of the employer to furnish the necessary services elsewhere and by suitable persons of its own selection. Such was the theory of the statute. (*Keigher* v. *General Electric Company,* 173 App. Div. 207; *Junk* v. *Terry & Tench Company, Inc.,* 176 id. 855.) In the year 1922 the statute was materially amended by striking out the provision as to the requirement of such treatment by the Commission and making liability therefor by the employer depend on

" the nature of the injury or the process of recovery," without limitation as to time. But such amendment was not retroactive. (See *Draper* v. *Draper & Sons, Inc.*, 201 App. Div. 770.) There has been no compliance with the statute applying to this case and the award in question may not, therefore, be sustained.

All concur.

Award reversed and claim so far as it relates to medical and nurses' services dismissed, with costs against the State Industrial Board.