McMULLEN *v*. GAVETTE CONSTRUCTION CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION LAW—MEDICAL AND HOSPITAL SERVICES—LIMITATION.

> An award of compensation, under the workmen's compensation law, for medical and hospital services, is limited, by section 4, part 2, of the act, to the first three weeks after the accident. *Cooke* v. *Holland Furnace Co., ante,* 192.

Certiorari to Industrial Accident Board. Submitted January 18, 1918. (Docket No. 130.) Decided March 27, 1918.

Roy McMullen presented his claim for compensation against the Gavette Construction Company for medical and hospital services. From an order awarding compensation, defendant and the Globe Indemnity Company, insurer, bring certiorari. Reversed.

*Douglas, Eaman & Barbour,* for appellants.

*Herbert W. Smith,* for appellee.

FELLOWS, J. But a single question is presented upon this record. The weekly compensation seems to have,

been agreed upon. The amount allowed by the award here reviewed is for medical and hospital services performed after the first three weeks after the accident. The accident occurred November 20, 1916. The services here involved were performed during the three weeks following the 5th of January, 1917. The plaintiff, a carpenter, slipped on a frosty roof and fell 20 feet to the ground, causing serious injury. The defendant construction company sent a physician to examine and treat him. It is a controverted question as to whether the physician properly examined and properly treated him. We think it may also fairly be said that the necessity of the particular operation was a controverted question. The board found with the plaintiff as to both of these questions, and we are bound by such findings. It is undisputed that all of the items included in the award were furnished or performed after the first three weeks after the accident and during the three weeks succeeding January 5th.

We have fully considered the question here involved in the case of *Cooke* v. *Holland Furnace Co.*, *ante*, 192, and there held that the date of the accident fixed the date of the injury under section 4, part 2, of the workmen's compensation act (2 Comp. Laws 1915, § 5434), and that the board was not authorized by the act to award and compensate the employee for medical and hospital services performed more than three weeks after the accident. The authority for such allowance by the board does not exist, except per force of the statute, and the legislative judgment has limited the allowance to such services as are performed during the first three weeks after the injury. Nor has the board authority to award as damages the amount paid for such services performed at a later date, upon the theory ingeniously advanced that the failure to furnish proper medical and hospital services created a

liability for the payment of such services so performed which may be awarded by the board as damages. The board is an administrative body created to carry the provision of the act into effect. *Mackin* v. *Detroit-Timkin Axle Co.,* 187 Mich. 8, and, while it may determine the compensation to be paid in a given case, it must do so pursuant to the terms of the act, and circumscribed by its provisions. It has no power given it by the act to fix and measure such compensation by the amount of damages provable, as in an action at law for a breach of either statutory or common law duty. *Andrejwski* v. *Wolverine Coal Co.,* 182 Mich. 298.

The injury in the instant case was a serious one, the operation and hospital services expensive. The language of Mr. Justice BIRD, speaking for this court, in *Hirschkorn* v. *Fiege Desk Co.,* 184 Mich. 239, is applicable here:

"The award made by the board was a very equitable one, and is one which we would prefer to sustain, if we could do so without attempting to amend the law by judicial construction. It appears to be, however, an exigency which the law has not provided for. We think the relief in such cases lies with the legislature, rather than with the courts."

The case is controlled by the *Cooke Case, supra,* and the award must be vacated.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred.