John A. Schumaker Company et al. *v.* Kendrew.

[No. 10,317. Filed November 20, 1918.]

1. Master and Servant.—*Workmen's Compensation Act.—Medical and Hospital Expenses.—Liability of Employer.—Statute.—* Under §25 of the Workmen's Compensation Act, Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918, providing that during the thirty days after an injury the employer shall furnish free of charge to an injured employe an attending physician and such surgical and hospital service and supplies as may be deemed necessary by the physician, or the Industrial Board, where an injured employe was furnished medical attention during the weeks following the accident, but after apparent recovery and several months subsequently to the accident a tumor developed requiring further medical attention, the employer was not liable therefor, since the act limits the liability for medical treatment to a period covered by the first thirty days after the injury and does not require treatment by a physician as the development of an injury may from time to time make necessary, nor does it contemplate full thirty days treatment intermittent in character and given at such time as the progressive development of an injury may require. (*In re McCaskey* [1917], 65 Ind. App. 349, distinguished.) pp. 468, 473.

2. Statutes.—*Construction.—Purpose and Scope.—* In construing an act its general purpose will be considered. p. 472.

3. Master and Servant.—*Workmen's Compensation Act.—Medical Expenses.—Liability.—Statute.—* When an injury resulting from an accident is such that both the injured employe and the employer at the time regard it as one of little or no consequence and as not requiring the attention of a physician and as not of the kind or character contemplated by the Workmen's Compensation Act, Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918, and later developments show an injury coming within the act, and

requiring medical attention the date for computing the thirty days during which medical attention must be furnished under §25 of the act is the date when the injury develops within the meaning of the act, even though the development of such injury is delayed thirty days or more after the happening of the accident which causes it.  p. 472.

From the Industrial Board of Indiana.

Proceedings under the Workmen's Compensation Act by John Kendrew against the John A. Schumaker Company and others.  From an independent order of the Industrial Board allowing applicant a sum for hospital and surgical expenses in addition to compensation, the defendants appeal.  *Reversed.*

*Fesler, Elam & Young,* for appellants.

HOTTEL, J.—This is an appeal from an award of the Industrial Board of Indiana in which it approved a claim filed by appellee for medical and hospital expenses incurred and paid by him seven months after the accident which resulted in his injury.  The undisputed facts pertinent to the question involved, as disclosed by the stipulations of the parties and the findings of the board, are as follows:  On August 31, 1916, appellee was in the employ of appellant Schumaker company, and, on that day, received a personal injury by an accident "arising out of and in the course of his employment, which at the time consisted apparently of a surface bruise on the left leg below the knee."  As a result of said injury, appellee was disabled for work for a period of one week, and was, at the time, provided with a physician furnished by appellants.  This physician attended appellee on August 31, 1916, and on September 2, 1916, and on said occasions treated the surface bruise on appellee's left leg, which was then the only injury sus-

ceptible of diagnosis. This treatment was of a character such as the apparent injury required and was all that said injury appeared to require. The physician was paid in full by the employer. Afterwards, as a result of the injury sustained on August 31, 1916, a tumor or bursa developed in the deeper structures of appellee's left leg, which became "so pronounced that it was diagnosed as such on the 28th day of March, 1917." Appellee then informed the foreman under whom he worked of the condition of his leg, but appellants did not furnish him with the necessary surgical or hospital supplies and services required for the treatment of his injury as then diagnosed. Appellee thereupon provided the proper treatment at an expense to himself of $35 for surgical services and $65 for hospital charges, no part of which has been repaid to him by appellants. The parties agreed to a compensation allowance of $12.90 a week, beginning on April 11, 1917, and continuing during total disability, not to exceed 500 weeks, and it is from an independent order of the Industrial Board, allowing appellee the further sum of $90 for hospital and surgical expenses, that this appeal is prosecuted.

It is contended by appellants that on the expiration of thirty days from August 31, 1916, their liability to furnish an attending physician and to provide hospital service ceased; and that this is so

1. notwithstanding the admitted facts showing that, after the slight injury which was discovered and treated at the time of and immediately following the accident, there later developed as a direct result thereof a more serious condition which was not susceptible of diagnosis and treatment during the period of the first attendance of the physician. Appellants

rely on and cite the following cases in support of their contention: *In re Henderson* (1917), 64 Ind. App. 581, 116 N. E. 315; *Born & Co.* v. *Durr* (1917), 64 Ind. App. 643, 116 N. E. 428; *Epsten* v. *Hancock-Epsten Co.* (1917), 101 Neb. 442, 163 N. W. 767; *McMullen* v. *Gavette Construction Co.* (1918), 200 Mich. 203, 166 N. W. 1019; *Carroll's Case* (1916), 225 Mass. 203, 114 N. E. 285.

We deem it unnecessary to enter into a lengthy discussion of the question here presented or of the cases cited by appellants in support of their contention, since we are of the opinion that their position is sustained by the language of the Workmen's Compensation Act. Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918. Section 25 of that act provides that: "During *the* thirty days after an injury the employer shall furnish or cause to be furnished free of charge to the injured employe, * * * an attending physician; * * * and in addition such surgical and hospital service and supplies as may be deemed necessary by said attending physician, or the Industrial Board." It is further provided in the same section that: "If in an emergency (or) on account of the employer's failure to provide the medical care for the *first* thirty days, *as herein specified,* or for other good reason, a physician other than that provided by the employer is called to treat the injured employe during the first thirty days, the reasonable cost of such service shall be paid by the employer subject to the approval of the Industrial Board." (Our italics.)

It will be observed that this act does not provide for or require such emergency or other treatment by a physician as the development of an injury may from time to time make necessary, nor does it require or

contemplate full thirty days' treatment, intermittent in character and given at such times as the progressive development of an injury may require. On the contrary, the act specifically limits the liability for medical treatment to a period covered by the *first* thirty days after the injury. We find nothing in the act under consideration, or in the authorities construing that act or similar acts in other jurisdictions, which can be said to warrant a holding that, in order to cover the different phases of a progressive injury, the period of medical treatment at the expense of the employer may be divided into parts, some of which may reach into a period beyond the first thirty days following the injury. This court has given to the section under consideration an interpretation which, impliedly, if not expressly, holds to the contrary. *In re Henderson, supra; Born & Co.* v. *Durr, supra.*

In this connection, the case of *In re McCaskey* (1917), 65 Ind. App. 349, 117 N. E. 268, is referred to by appellant, and, although it is not contended that said case is controlling in the present instance, the suggestion is made that an erroneous rule or principle is announced therein and should be modified in this opinion, which involves the same principle. The contention is that in the McCaskey case this court erroneously held that under the Workmen's Compensation Act an "injury" occurs only at the time of disability, whereas, in fact, a proper interpretation of said act makes the injury concurrent in point of time with the "accident" which causes it, and that any period of time which runs from the date of the injury must necessarily run from the date of the accident which causes that injury. Appellants' statement of the holding in the McCaskey case is rather broad,

but we recognize that there is authority which tends to support their contention as to a proper interpretation of the compensation act. *Duffy* v. *Town of Brookline* (1917), 226 Mass. 131, 115 N. E. 248; *Carroll's Case, supra; McMullen* v. *Gavette Construction Co., supra; Cooke* v. *Holland Furnace Co.* (1918), 200 Mich. 192, 166 N. W. 1017; *Smith* v. *Solvay Process Co.* (1917), 100 Kan. 40, 163 Pac. 645.

In the McCaskey case we directed attention to the fact that, in fixing the period during which the employer should furnish medical service for an injured employe, the legislature has designated the thirty days following the injury rather than the thirty days following the accident, and we there said, at page 354 of the opinion: "The language of the statute, and justice and reason alike, authorize the conclusion that the services of an attending physician for which compensation was intended was a service to be rendered after there was an actual known physical injury, and hence where, as in this case, the undisputed facts show an accident to an employe in the presence of his employer, the immediate effects of which are not such as to indicate to either employer or employe, any disability within the meaning of the act in question or any injury requiring the services of an attending physician as provided in said act, and such physician is, at the time, neither asked for nor called by the employe, nor furnished by the employer, and it turns out later that the injury resulting from such accident is more serious than was at first thought, and is in fact such as results in a disability of the employe within the meaning of the statute here involved, the thirty-day period during which the employer must, under said §25 of this act, *supra,* furnish

an attending physician begins to run when the disability to the employe within the meaning of the act in question develops from such injury.''

The effect of this holding is to say that the word ''injury,'' as used in §25, means an injury which results in a disability contemplated by the compensation act, and that so long as such injury is one which both the employer and the employe regard and treat as not requiring the services of a physician, and therefore not contemplated or covered by the provisions of §25, it should likewise be so treated by the Industrial Board; that in such a case the period during which an attending physician must be provided begins to run when an actual disability to the employe, within the meaning of the act, develops from such injury. This holding, if §25 alone is looked to, may appear to be open to the criticism that it is judicial legislation, but we think that this objection disappears when the entire act, and its purpose and scope, are taken into account. In construing any act its general purpose and scope should not be overlooked, and there can be no doubt but that the purpose and scope of the act in question is to cover and provide compensation for those injuries alone which result in disability to the employe, and that the word ''injury,'' as used in §25 of said act, is to be so construed. It seems to us to be in perfect and complete harmony with the intent, purpose and spirit of the act, and not necessarily out of harmony with the letter thereof, to say that when the injury resulting from an accident is such that both the injured employe and the employer, at the time, regard and treat it as one of little or no consequence and as not requiring the attention of a

physician and as not of the kind or character contemplated by the act, and later developments show an injury which does fall within the scope of said act and one which does require the services of a physician or surgeon, the date for computing the time from which medical attention must be furnished, in such a case as in all others, is the date when the "injury" develops within the meaning of the act, and this is so even though the development of such an injury is delayed thirty days or more after the happening of the accident which causes it. We see no reason or occasion, therefore, for overruling or modifying the opinion in the McCaskey case. There

1. is nothing in that case, however, that can be said to support the conclusions reached by the Industrial Board in the present instance. The facts agreed on by the parties and the finding of the board itself show that there was an "injury" at the time of the accident which required and received the attention of a physician, and, for the purposes of this case, the time of the injury and the time of the accident are concurrent. In cases where such events are not concurrent and are not the subject of agreement, their determination, of course, presents issues of fact for the consideration of the board, but in this case no such issue is presented. The thirty-day period here began to run on August 31, 1916, and there is no authority in the statute, express or implied, which authorizes an allowance for the expense of a physician or hospital service incurred more than thirty days thereafter.

The award of the Industrial Board is therefore reversed.

NOTE.—Reported in 120 N. E. 722.