S. G. TAYLOR CHAIN COMPANY ET AL. *v.*
MARIANOWSKI ET AL.
[No. 14,620. Filed October 18, 1932.]

*Burke G. Slaymaker, Clarence F. Merrell, Theodore L. Locke* and *Chester D. Ihrig*, for appellants.

*William J. McAleer, Francis J. Dorsey, James J. Clark* and *William L. Travis*, for appellee.

*George Marianowski* and *A. M. Hayes*, for appellee insurance company.

KIME, P. J.—Appellee Marianowski filed a claim against appellant chain company, the Travelers and New Jersey Plate Glass Insurance Companies for compensation for personal injuries received by him on July 1, 1931, on account of an accident arising in the course and out of his employment on January 22, 1929.

From an award in favor of appellees, the appellants appeal, assigning that the award is contrary to law.

The material facts as shown by the evidence disclose that Marianowski, while lifting heavy machinery, sustained a severe strain in his right groin, which was reported to the employer, and was referred by them to their doctor, who recommended and procured a truss which was worn from that time until July 1, 1931, when the hernia broke through the body wall and protruded, causing inability to work. The claim was filed on September 21, 1931.

Section 24 of the Workmen's Compensation Act is as follows: "The right to compensation under this act shall be forever barred unless within two years after the injury, or if death results therefrom, within two years after such death a claim for compensation thereunder shall be filed with the industrial board."

The appellants contend that Marianowski was *injured* January 22, 1929, and did not file a claim until September 21, 1931, more than two years thereafter.

Marianowski contends that he was not injured until July 1, 1931, and his claim on September 21, 1931, was timely.

The general purpose of the Workmen's Compensation

Act was to provide for the care of injuries which result from accidents suffered where the relation of employer and employee exists. Where injuries are of a certain nature, the act provides that the employer shall be liable for surgical care for a certain period. When they are of a more serious nature, the employer's obligation is enlarged. The employer is not liable for any injury which is not compensable. In other words, if the statute does not provide that the employee shall be entitled to compensation, the employer is not liable.

Thus we must inevitably conclude that injury, as used in Section 24, means compensable injury. Unless an injury is of such a nature as to be compensable, it does not come within the purview of the act. Non-compensable injuries were not within the contemplation of the lawmakers when they passed this act. It was intended to cover only injuries for which, in their opinion, it was necessary that the workman be compensated. This court has heretofore said that "injury" means such injury as "results in a disability contemplated by the act." *John Schumaker Company et al.* v. *Kendrew* (1918), 68 Ind. App. 466, at page 472, 120 N. E. 722. We fully agree with this. An injury which does not result in some disability (be it ever so slight) is not compensable. Thus, any injury which results in a disability is such injury as the act says is compensable. Under the general terminology of compensation acts and the construction of such acts we find it to be most generally understood and judicially determined that injury means compensable disability.

The Supreme Court of Wisconsin (*Acme Body Works et al.* v. *Koepsel et al.* [1931], 234 N. W. 756), in deciding a limitation clause, very recently, by Owen, J., said: "It is generally held under

workmen's compensation acts that injury results when the right to compensation arises. Injury and compensable disability are more in the nature of synonymous terms than are date of the injury and date of the accident." He then quotes from a Connecticut case, *Esposito* v. *Marlin-Rockwell Corp.* (1921), 96 Conn. 414, 114 Atl. 92, as follows: "A compensable injury is an injury for which compensation is payable, and the date of such an injury is not the time of the accident or occurrence causing injury, but the time . . . when the right to compensation accrues." Cases from other states to the same effect are then cited, among them our own McCaskey case (1917) (65 Ind. App. 349, 117 N. E. 268), which is concurred in and amplified by the Schumaker case, *supra*. Thus the courts of other states recognize that this was settled in Indiana in 1917.

The reasoning of both cases is very good, especially the latter one, and we approve it heartily. What is said there as to judicial legislation applies with equal force here.

Under clause C of Section 72 of the act (§9517 [c], Burns Supp. 1929) the insurer is "bound by and shall be subject to the awards . . . rendered against the insured," so it is immaterial whether there is sufficient evidence to sustain the award against the appellant Travelers Insurance Company. If they were the insurance carrier at the time of the accident that fact is well known to them as well as the board, and if an award is made against the insured they are liable whether or not specifically named. The board has a remedy to enforce payment if business is to be continued by them in the state, and the insured also has a remedy.

The award of the Industrial Board of Indiana is not contrary to law. The award made therein is hereby ordered affirmed and increased ten (10) per cent.