MUEHLHAUSEN SPRING COMPANY *v.* SZEWCZYK.

[No. 15,913. Filed May 3, 1937. Rehearing denied October 15, 1937.]

*James L. Murray,* for appellant.

*McHale, Arthur & Myers,* for appellee.

DUDINE, J.—This is an appeal from an award of the Full Industrial Board granting appellee compensation for the "total loss of vision" of one eye.

So much of the finding of the board as is pertinent to this appeal is as follows:

"And the Full Industrial Board having heard the argument of counsel, having reviewed the evidence ... finds that on April 14, 1931, while in the employ of the defendant at an average weekly wage in excess of $30.00, plaintiff suffered an accident arising out of and in the course of his employment of which the defendant had knowledge. That as the result of said accident a foreign substance was imbedded in plaintiff's left eye, which substance was removed by a physician in the service of the employer; that plaintiff lost no time from his employment as the result of the accident. That following the accident On April 14, 1931, there was a gradual loss of vision of plaintiff's left eye, and on December 1, 1933, the injury became disabling.

"It is further found by the Full Industrial Board of Indiana by a majority of its members, that physical examination disclosed that plaintiff had light perception in his left eye on December 1, 1933.

"It is further found by the Full Industrial Board of Indiana by a majority of its members that plaintiff has sustained a total loss of vision in his left eye; that plaintiff's total loss of vision occurred subsequent to December 1, 1933; that said total loss of vision was directly traceable to the accident sustained on April 14, 1931; that plaintiff's injury as the result of the accident of April 14, 1931, did not become fixed and permanent until subsequent to December 1, 1933.

"It is further found by the Full Industrial Board of Indiana by a majority of its members that on July 30, 1935, plaintiff filed his application for the adjustment of a claim for compensation, and that said application was filed within two years of the time that the injury to plaintiff's left eye became fixed and permanent."

The error assigned upon appeal is that the award is

contrary to law. Appellant contends that the Industrial Board did not have jurisdiction of this cause because the application for compensation was not filed "within two years after the injury," as is prescribed by Sec. 24 of our Workmen's Compensation Act (Sec. 40-1224 Burns 1933, §16400 Baldwin's 1934). Appellant contends further that the evidence shows conclusively that appellee suffered a "complete loss of industrial vision" more than two years before July 30, 1935, the date when the application was filed and therefore appellee's right to compensation was barred.

Claimant testified as follows with reference to the injured eye: "Six months after the accident I could not read the headlines in the newspaper, then about a year after I could see a face only when it was close to me . . . could not recognize people on a short distance, could not read any signs."

The doctor who attended claimant testified that he removed a "scale" of steel from the injured eye on the date of the accident, and told claimant to return two days later to see if any trouble would develop; that claimant did return two days later, and he, the doctor, examined the eye, and found it "O. K."; that he did not see claimant again until December 1, 1933, more than two and one-half years later, when claimant came to the doctor's office and complained about the eye. The doctor then found that the vision of the eye was impaired so that "with a strong light in front of the eye, he was able to distinguish whether the light was on or off, but not to tell where the light came from." The eye was treated several days, but the vision did not improve. On December 18, 1933, the eye became totally and permanently blind.

The word "injury" as used in Sec. 40-1224 Burns 1933, §16400 Baldwin's 1934, *supra,* means compensable

injury (*S. G. Taylor Chain Co.* v. *Marianowski* [1932], 95 Ind. App. 120, 182 N. E. 584), and therefore it may be said that said section provides that "the right to compensation under this (the) act shall be forever barred unless within two years after the injury (*becomes compensable*) . . . a claim for compensation thereunder shall be filed with the industrial board."

In *S. G. Taylor Chain Co.* v. *Marianowski, supra,* this court adopted the following language (p. 124) : " 'A compensable injury is an injury for which compensation is payable and the date of such an injury is not the time of the accident or occurrence causing the injury, but the time . . . when the right to compensation accrues'."

The "compensable injury" for which compensation was sought in the instant case as it is stated in the application for compensation is "vision of left eye *entirely* lost; permanent disability." (Our italics.) We think the record shows clearly that appellee was relying upon the "permanent (total) loss of sight" of his eye as a basis for his claim of compensation. See Sec. 31f Workmen's Compensation Act (Sec. 40-1303f Burns 1933, §16407 Baldwin's 1934).

The evidence indisputably shows and the Industrial Board found that appellee sustained the permanent total loss of vision of the eye subsequent to December 1, 1933. A claim therefor would not have been allowable until after appellee sustained such loss of vision, to wit, until after December 1, 1933 (*S. G. Taylor Chain Co.* v. *Marianowski, supra*), and hence the statute barring the right to compensation after two years after the injury, did not begin to run until after December 1, 1933.

The claim was filed on July 30, 1935, less than two years after said statute of limitations began to run, with reference to the "injury" complained of, therefore it was filed in due time.

Appellant also contends that "the uncontradicted evidence is that appellee's loss of vision did not result from the . . . (accident)." That contention is not tenable. The doctor who removed the "scale" of steel from the eye, and treated it subsequent to December 1, 1933, basing his testimony upon his personal knowledge of the case, and on the history of it given him by appellee, testified in effect that the impairment was the result "of the blow of that flying particle (of steel) hitting there in the external region (of the eye) . . ." Appellant introduced evidence of other doctors, based on the history of the case, to the effect that the impairment could not have been caused by the accident; but having read and considered all the evidence on the subject, we find that it is conflicting, and that the finding of the industrial board that "the total loss of vision was directly traceable to the accident," is supported by some evidence.

No reversible error having been shown the award is affirmed, and increased five per cent.

Bridwell, J. dissents with opinion.

### DISSENTING OPINION.

BRIDWELL, P. J.—After considering the record in the instant case I cannot agree with the decision rendered by the court herein.

It is found by the Industrial Board, and proven by undisputed evidence that the accident from which the injury resulted, occurred on April 14, 1931, and that by reason of the accident a foreign substance was embedded in the left eye of the employee, which substance was on that day removed by a physician in the service of the employer. The record further discloses that no application for adjustment of any claim for compensation was filed with the Industrial Board until July 30, 1935, more than four years thereafter.

Section 24 of our Workmen's Compensation Law (Acts 1929, p. 537) provides as follows:

"The right to compensation under this act shall be forever barred unless within two years after the injury, or if death results therefrom, within two years after such death, a claim for compensation thereunder shall be filed with the industrial board."

No other sections of the act except sections 45 and 48 in any way relate to the period of time within which an application for compensation must be filed. Section 48 provides that "no limitation of time provided in this act shall run against any person who is mentally incompetent or a minor, so long as he has no guardian or trustee." There is no contention made, nor is there any evidence in the instant case to show that this section is applicable. Section 45 applies only to cases where the jurisdiction of the Industrial Board has previously been invoked and an application filed on account of a change in conditions since the making of an award on a prior application therefor. I find no authority in our Workmen's Compensation Act, either express or implied, which provides for an award after two years has elapsed from the date of the infliction of the injury which results in either disability or impairment in instances where no application is filed within the period of time fixed by section 24. It seems evident that unless the injury was sustained at the time of the accident, the employer could not legally be held liable. The accident and injury are necessarily concurrent. Our statute (section 24, *supra*) is not ambiguous, but provides in plain language that the right to compensation shall be *forever barred* unless claim therefor is filed within two years after the injury in cases where the employee survives.

If it be deemed desirable to change the law so that an award of compensation may be made on an application

filed after two years from date of injury in cases where the final result of the injury is not ascertainable within that period of time fixed by our statute for filing of applications, then the change should be made by legislative enactment instead of by judicial construction. To me it seems apparent that the majority decision nullifies section 24 of our compensation act, and I therefore dissent.