## MILES LABORATORIES, INC. v. JENKS.

[No. 16,342. Filed May 3, 1939.]

*Jones, Obenchain & Butler,* for appellant.

*Robert E. Proctor,* for appellee.

DUDINE, J.—This is an appeal from an award of the Industrial Board against appellant, granting appellee compensation.

The Industrial Board found: ". . . that during the month of October, 1935, while in the employ of the defendant at an average weekly wage of $30.00, plaintiff suffered an injury as the result of an accident arising out of and in the course of his employment, of which the defendant had knowledge and furnished medical attention; that disability did not ensue until June 15, 1936, from which date to August 23, 1937, plaintiff returned to employment with the defendant at lighter work, worked eight hours on that day and four hours on the succeeding day, when he again became tempo-

rarily totally disabled until October 25, 1937, on which date he returned to employment with the defendant at lighter work and continued at such employment until December 24, 1937, when he again became totally disabled and is so disabled at the time of this hearing."

The application for adjustment of compensation alleged among other facts that appellee received the personal injuries on June 16, 1936. Appellant calls our attention to the fact that the Industrial Board found "that during the month of October, 1935 . . . plaintiff suffered . . . (the) injury . . ." The claim for compensation was filed January 11, 1938. Appellant contends the facts found by the Industrial Board "establish affirmatively that the claim was not filed within two years after the injury," and therefore the right to compensation is barred by Sec. 40-1224 Burns 1933, §16400 Baldwin's 1934 (Sec. 24, Ch. 172, Acts 1929). Appellant assigns as error that the award is contrary to law.

The finding of the Industrial Board must be considered as a whole, and as a general finding; and when it is so considered it is apparent that the Industrial Board found that the *accident,* which resulted in appellee's disability, occurred in October, 1935, but that the disability did not ensue until June 15, 1936. In view of the fact that there was no disability until June 15, 1936, the statute of limitations (Sec. 40-1224 Burns 1933, §16400 Baldwin's, *supra*) did not begin to run until that date. *S. G. Taylor Chain Co.* v. *Marianowski* (1932), 95 Ind. App. 120, 182 N. E. 584, 108 A. L. R. 318; *Muehlhausen Spring Co.* v. *Szewczyk* (1937), 104 Ind. App. 161, 8 N. E. (2d) 104.

Appellant contends it would be anomalous to permit an appellee to file his claim for compensation against the employer more than two years after the accident because in cases where the injury is sustained under "circumstances creating in some

other person than the employer a legal liability to pay damages in respect thereto . . . and if compensation is awarded and accepted under this (Workmen's Compensation) act, the employer, . . . may collect . . . from the other person in whom legal liability exists the compensation . . . payable." (Sec. 40-1213 Burns 1933, §16389 Baldwin's 1934), and such employer is required under the general statute of limitations for tort acts to file his subrogated claim within two years after the accident. (Citing *Employers Liability Assurance Co.* v. *Indianapolis and Cincinnati Traction Co. et al.* [1924], 195 Ind. 91, 144 N. E. 615.) It must be remembered that the general statute of limitations for tort actions does not apply to proceedings before the Industrial Board. Appellant's said contention is based upon a confusion of said statute of limitations with the special statute of limitations in the Workmen's Compensation Law which is applicable here. Furthermore appellant's contention that said statutes of limitation should be construed to run concurrently, if sustained, would not avoid the anomaly complained of, because even then the employee could wait until last day of the two-year period to file his application for adjustment of compensation, and thus prevent his employer from recovering from the third party on his right of subrogation.

Appellant criticizes the reference in *Taylor Chain Co.* v. *Marianowski* (95 Ind. App. 120, *supra*) to *Acme Body Works et al.* v. *Koepsel et al.* (1931), 204 Wis. 493, 498, 234 N. W. 765, and particularly the reference to the statement from said case which is quoted in said opinion of this court, to-wit:

> "It is generally held under workmen's compensation acts that injury results when right to compensation arises. Injury and compensable disability are more in the nature of synonymous terms than are date of the injury and date of the accident."

Appellant contends in effect that the Supreme Court of Wisconsin modified said statement in its subsequent opinion upon rehearing of said cause. See 204 Wis. 500, 236 N. W. 378. The only modification of said statement that we can see in said opinion upon rehearing is a more emphatic statement of the same position upon the question referred to. In said opinion upon rehearing the court said (p. 500.) :

"This case was decided on the theory . . . that the well settled doctrine in the field of workmen's compensation law, the date of disability fixes the date of injury, and that the statute of limitations in this case did not commence to run until total disability resulted . . ."

(Note: The facts in that case and the reasoning are similar to the facts and reasoning of this court in *Muehlhausen Spring Co.* v. *Szewyck, supra.*)

Appellant contends further that reliance in *S. G. Taylor Chain Co.* v. *Marianowski, supra,* upon *Esposito* v. *The Marlin Rockwell Corp. et al.* (1921), 96 Conn. 414, 114 Atl. 92, is misplaced. It is true, as appellant contends, the workmen's compensation law of that state is different from ours, but that opinion is not based upon provisions of the Connecticut Workmen's Compensation Act, which are materially different from correlative provisions of our act. The reasoning of that opinion was applicable in *S. G. Taylor Chain Co.* v. *Marianowski, supra,* is applicable in the case before us and supports our decision herein.

No error, which requires a reversal of the award, having been shown, the award is affirmed with instructions that the award be increased five per cent pursuant to statute.

Bridwell, J., dissents.