FARMERS MUTUAL LIABILITY COMPANY *v.* CHAPLIN ET AL.

[No. 17,124. Filed November 19, 1943. Rehearing Denied December 16, 1943. Transfer Denied January 24, 1944.]

374

*Harry P. Cooper, Jr.,* of Indianapolis, for appellant.

*Carl Lee Compton* and *White, Wright & Boleman,* all of Indianapolis, for appellees.

ROYSE, C. J.—On May 14, 1942, appellee Chaplin filed his amended complaint with the Industrial Board of Indiana alleging he received personal injuries on the 15th day of January, 1939, and on the 29th day of December, 1941, by reason of an accident growing out of and in the course of his employment with appellee Maplehurst Farms, Inc. Appellant filed a special answer pleading the two-year statute of limitations. The finding and award of the full board is as follows:

"And the Full Industrial Board of Indiana by a majority of its Members having heard the argu-

ments of counsel and having reviewed all the evidence in the case, finds that the plaintiff, Merrill H. Chaplin, was in the employment of the defendant Maplehurst Farms, Inc., on December 29, 1939, at an average weekly wage in excess of $30.00. That on said day the plaintiff sustained a personal injury caused by accident arising out of and in the course of his employment with the said defendant, of which said defendant had knowledge at the time and furnished the necessary medical services required at that time.

"It is further found that said accidental injury was caused when the plaintiff was lifting milk cases on a truck, and that he sustained an injury to the region of the back between the fifth lumbar vertebra and the sacrum.

"It is further found that the plaintiff was disabled on account of said injury at that time for a period of seven days, and that he then returned to his former work, and that he continued in the employment of the said defendant from that time on until January 23, 1942, without suffering any compensable disability.

"It is further found that by reason of the accidental injury sustained by the plaintiff on December 29, 1939, that the plaintiff became totally disabled on the 23rd day of January, 1942, and was totally disabled at the time of the original hearing on the 17th day of July, 1942.

"It is further found that the defendant Farmers Mutual Liability Company was the insurance carrier of the defendant Maplehurst Farms, Inc., from May 8, 1939, until May 8, 1940, and was the insurance carrier when the plaintiff sustained his accidental injury on December 29, 1939.

"It is further found that the Michigan Mutual Liability Company was the insurance carrier of the defendant Maplehurst Farms, Inc., from May 8, 1940, to July 17, 1942.

"It is further found before the plaintiff filed his complaint on May 14, 1942, that the parties disagreed as to the payment of compensation by the defendants to the plaintiff.

"The Full Industrial Board by a majority of

its Members now finds for the plaintiff on his application filed with the Industrial Board on May 14, 1942, and finds that the said accidental injury sustained by the plaintiff while in the employment of the defendant Maplehurst Farms, Inc., on December 29, 1939, resulted in the plaintiff's total disability on January 23, 1942, and that he continued to be totally disabled on account of said injuries until the 17th day of July, 1942.

"The Full Industrial Board by a majority of its Members now finds against the Maplehurst Farms, Inc., and against the Farmers Mutual Liability Company, and finds for the defendant Michigan Mutual Liability Company; and finds that the Farmers Mutual Liability Company was the insurance carrier at the time that the plaintiff sustained his accidental injury while in the employment of the defendant on December 29, 1939.

"It is further found that the defendant Michigan Mutual Liability Company did not become the insurance carrier of the defendant Maplehurst Farms, Inc., until May 8, 1940, and that it continued to be the insurance carrier of said defendant Maplehurst Farms, Inc., since May 8, 1940, to the date of the hearing on July 17, 1942.

"And now the Full Industrial Board by a majority of its Members finds against the defendant Farmers Mutual Liability Company on its special answer filed with the Industrial Board on May 29, 1942, setting up the statute of limitations, and setting up that the plaintiff did not file his application within the two year period after the date of the accident sustained by him on December 29, 1939.

"The Full Industrial Board by a majority of its members finds that the statute of limitations did not run against the plaintiff until the date that his compensable disability began on January 23, 1942.

## "AWARD

"IT IS THEREFORE CONSIDERED, ORDERED, AND ADJUDGED by the Full Industrial Board of Indiana by a majority of its Members that compensation be awarded to the plaintiff

herein, Merrill H. Chaplin, against the defendants Maplehurst Farms, Inc., and Farmers Mutual Liability Company at the rate of $16.50 per week beginning on the 31st day of January, 1942, and continuing during the total disability of the plaintiff, not exceeding the period fixed by law.

"It is further ordered that all compensation payable by virtue of this award that is in arrears be paid in cash and in a lump sum.

"It is further ordered that the said defendants Maplehurst Farms, Inc., and the Farmers Mutual Liability Company shall pay the necessary medical, surgical, hospital, and nursing expense required by the plaintiff on account of said accidental injury for ninety days from the 23rd day of January, 1942.

"It is further ordered that the defendants Maplehurst Farms, Inc., and Farmers Mutual Liability Company shall pay the cost of this proceeding.

"It is further ordered that the plaintiff shall take nothing from the defendant Michigan Mutual Liability Company."

The assignment of error here is that the final award of the full board is contrary to law.

Appellant contends that appellee Chaplin is not entitled to recover against it because the finding of the board showed said appellee, on December 29, 1939, received a personal injury arising out of and in the course of his employment from which he was disabled for seven days; that appellant had knowledge of said injury and furnished necessary medical services at that time and the disability here involved resulted from the injury of December 29, 1939, and the complaint herein was filed May 14, 1942, which was more than two years after the injury.

Section 24 of the Indiana Workmen's Compensation Act, § 40-1224, Burns' 1940 Replacement, § 16400, Baldwin's 1934, provides, in part, as follows: "The right

to compensation under this act shall be forever barred unless within two [2] years after the injury, . . . a claim for compensation thereunder shall be filed with the Industrial Board."

The word "injury" in this section means compensable disability and does not refer to the date of the accident from which the "injury" or compensable disability resulted. *In re McCaskey* (1917), 65 Ind. App. 349, 117 N. E. 268; *Hornbrook-Price Company* v. *Stewart* (1918), 66 Ind. App. 400, 118 N. E. 315; *S. G. Taylor Chain Company et al.* v. *Marianowski et al.* (1932), 95 Ind. App. 120, 182 N. E. 584; *Muehlhausen Spring Company* v. *Szewczyk* (1937), 104 Ind. App. 161, 8 N. E. (2d) 104; *Miles Laboratories, Inc.* v. *Jenks* (1939), 106 Ind. App. 491, 20 N. E. (2d) 710. Other jurisdictions, in considering analogous provisions of the Workmen's Compensation Act have adhered to this view. *Esposito* v. *Marlin-Rockwell Corporation et al.* (1921), 96 Conn. 414, 114 A. 92; *Associated Indemnity Corporation* v. *State Industrial Accident Commission et al.* (1932), 124 Cal. App. 378, 12 P. (2d) 1075; *Acme Body Works et al.* v. *Industrial Commission of Wisconsin et al.* (1931), 204 Wis. 493, 234 N. W. 756; *Anna D. Burke* v. *Industrial Commission* (1938), 368 Ill. 554, 15 N. E. (2d) 305.

There have been many sessions of our Legislature since this court first enunciated the foregoing interpretation of the word "injury," and since the Legislature has not seen fit to change the act in all these years, it is apparent to us that this interpretation is in accord with the legislative intent. But appellant contends further that because appellee Chaplin was found to have been disabled for a period of seven days immediately after the accident of December 29, 1939, the statute of limitations began to run from that date.

With this contention we do not agree. Section 29 of the Workmen's Compensation Act, § 40-1301, Burns' 1940 Replacement, § 16405, Baldwin's 1934, provides as follows: "For injuries causing temporary total·disability for work there shall be paid to the injured employee during such total disability but not including the first seven [7] calendar days thereof, a weekly compensation equal to fifty-five [55] per cent of his average weekly wages for a period not to exceed five hundred [500] weeks."

An injury is not compensable until after the seventh day of total temporary disability. *Esposito* v. *Marlin-Rockwell Corporation et al., supra.* The finding ██ of the board was that appellee Chaplin was disabled for seven days; that he then returned to his work and continued in such employment until January 23, 1942, on which date he became totally disabled. Therefore, as the board found, the compensable injury occurred on January 23, 1942 and the statute of limitations commenced to run on said date. The award should have provided that compensation begin January 23, 1942. The complaint having been filed May 17, 1942 was well within the statute.

Appellant next contends the award of the board against it for medical, surgical, hospital and nursing expenses for a period of ninety days from January 23, 1942 is erroneous, because the findings of the board affirmatively show that at the time of the accident of December 29, 1939 the employer and appellant furnished the necessary medical attention.

Section 25 of the Workmen's Compensation Act, § 40-1225, Burns' 1940 Replacement, § 16401, Baldwin's, 1934, provides, in part, as follows: "During ██ the first ninety [90] days after an injury the employer shall furnish or cause to be furnished,

free of charge to the injured employee, an attending physician, for the treatment of his injuries, and in addition thereto such surgical, hospital and nurse's services and supplies as the attending physician or the industrial board may deem necessary." Under this section a compensable injury arises when the injury resulting from the accident requires the services therein provided for. Such services must be provided during the *first* ninety days after such injury. Therefore, when as in the instant case, at the time of the accident the resultant injury required medical treatment, the time for which the employer was liable for such services began to run from the date such treatment was first rendered. And when, after the time the employer is required to furnish these services, a more serious condition develops as a direct result of the accident which requires further medical, surgical, hospital or nursing care, the employer is not liable for such subsequent medical expense. *John A. Schumaker Company et al.* v. *Kendrew* (1918), 68 Ind. App. 466, 120 N. E. 722. That part of the award of the Industrial Board directing appellant to pay necessary medical, surgical, hospital and nursing care was erroneous.

Appellant further contends the evidence is not sufficient to sustain the finding of the board that appellee Chaplin sustained an injury caused by an accident occurring on December 29, 1939. In support of this contention it calls attention to the testimony of said appellee that the accident referred to occurred in January, 1939, and the evidence of appellant and appellee Michigan Mutual Liability Company which showed medical treatment was rendered by appellant for an accident occurring on January 17, 1940. The finding and award of the board fixes the date of

the accident as December 29, 1939. It further finds the accidental injury was caused when appellee Chaplin was lifting milk cases on the truck and that he sustained an injury to the region of the back between the fifth lumbar vertebra and the sacrum. There is a conflict in the evidence as to the actual date of this accident, but it is undisputed that it occurred in the manner found by the board, and therefore it seems to us immaterial as to whether or not the accident occurred in January, 1939, December, 1939, or January, 1940.

Appellant finally contends the evidence is not sufficient to support the award of the board that the total disability of appellee Chaplin commencing January 23, 1942 was proximately caused by an accident arising out of and in the course of his employment while appellant was the insurance carrier.

It was stipulated by the parties that appellant was the insurance carrier of the appellee Maplehurst Farms, Inc., at all times beginning *May 8, 1938 and ending May 8, 1940.* There was ample evidence to sustain the finding and award of the full board that appellee's disability was proximately caused by the injuries he received as a result of the accident described in the board's findings which happened while appellant was the insurance carrier.

We are of the opinion no good purpose would be served by ordering a new trial of this cause. It is therefore directed this case be remanded to the Industrial Board with instructions to re-state its award by providing that compensation begin January 23, 1942, and eliminating therefrom that portion of the award requiring appellant to pay necessary medical, surgical, hospital and nursing care.

NOTE.—Reported in 51 N. E. (2d) 378.

ON PETITION FOR REHEARING.

ROYSE, P. J.—Appellant, in its petition for rehearing, says that we erred in holding that the date of the same injury is one time under § 24 of the Indiana Workmen's Compensation Act, and is another time under § 25 of such act. Our decision in this case does not so hold. Appellant apparently does not recognize that under our Workmen's Compensation Act the same accident may cause two or more different forms of "injury" for which compensation is provided. The limitation imposed by § 24 (§ 40-1224, Burns' 1940 Replacement, § 16400, Baldwin's 1934) applies to compensation for total and partial disability, total and partial impairment of the man, etc., and, as stated in the original opinion, the interpretation that we have given the word "injury" has been acquiesced in by the Legislature for many years. If it did not approve it, it was in its province to change it.

Section 25 of the act (§ 40-1225, Burns' 1940 Replacement, § 16401, Baldwin's 1934) provides compensation in the form of medical care for the treatment of an injury. This section provides its own time limitation. It is for ninety days after the "injury." The word "injury" as used in this section refers to the time such aid was first received by the employee. The definition of the word "injury" that we have applied to this section has stood as the interpretation of this court for more than twenty-five years without change by the Legislature.

Appellant further contends in its petition for rehearing that we erred in stating that it was immaterial whether or not the accident occurred in January, 1939, December, 1939, or January, 1940. This statement perhaps should be clarified to say that upon the facts in this case it would be immaterial as to whether or not

the accident which caused the injury occurred on either of said dates.

Upon a consideration of the authorities we find no reason for changing our decision, and the petition for rehearing is denied.

NOTE.—Reported in 51 N. E. (2d) 896.