## TAYLOR *v.* CASTING SERVICE COMPANY

[No. 17,651.   Filed October 15, 1947.]

*Gùse & Lanigan* and *Isadore E. Levîne,* all of La Porte, for appellant.

*Henry L. Humrickhouser,* of South Bend, for appellee.

FLANAGAN, J.—In August, 1944, appellant suffered an accident while in the employ of appellee. No compensable injury resulted until December 11, 1944. Within two years thereafter appellant's application for compensation was filed. No question as to the statute of limitations is raised. However the Industrial Board found that appellant did not sustain an accidental injury on December 11, 1944, or at any time thereafter and denied compensation.

In his application for compensation appellant alleged that the accidental injury occurred on December 11, 1944. Appellee contends that appellant was therefore bound to prove that the accident occurred on that date or on some date thereafter.

We know of no such rule. Such strict adherence to formality would be entirely out of harmony with the spirit and purpose of the Workmen's Compensation Act. The appellant proved an accident in August, 1944, a resultant compensable injury on December 11, 1944, and an application filed within time thereafter. *S. G. Taylor Chain Co.* v. *Marianowski* (1932), 95 Ind. App. 120, 182 N. E. 584; *Miles Laboratories, Inc.* v. *Jenx* (1939), 106 Ind. App. 491, 20 N. E. (2d) 710. If there was a variance between the application and the proof, the application should have been considered amended to conform to the proof.

Award reversed with instruction to make findings and enter an award in conformity with this opinion.