RAILWAY EXPRESS AGENCY v. HARRINGTON

[No. 17,902. Filed October 25, 1949.

594

On Petition for Rehearing. *Petition denied.*

*Church & Chester*, of Elkhart, for appellant.

*Henry L. Humrichouser*, of South Bend, for appellee.

DRAPER, J.—On March 7, 1944, the appellee accidentally fell and injured his knee while about his duties for the appellant. It was not immediately disabling and he continued to work until November 24, 1947, when the injury became disabling and he submitted to the first of two operations. On March 11, 1948, he returned to work. He filed his application for compensation on August 5, 1948. The Board found that he had sustained a 28% permanent partial impairment to his leg as a whole, and was entitled to compensation therefor.

The first question presented is whether the application was timely filed.

The limitation of time for the filing of a claim under the Workmen's Compensation Act is a condition precedent to the right to maintain the action. It affects the *right* and not the *remedy*. It is not to be regarded merely as a statute of limitations. It is a condition attached to the right to recover, and the burden of proving the claim was filed within the statutory period rests with the claimant. *Keser* v. *U. S. S. Lead Refinery* (1928), 88 Ind. App. 246, 163 N. E. 621; 78 A. L. R. 1294.

On March 7, 1944, the day the appellee fell, § 24 of the Act, being Burns' 1940 Replacement, § 40-1224, read as follows: "The right to compensation under this

act shall be forever barred unless within two (2) years *after the injury,* . . . a claim for compensation thereunder shall be filed with the industrial board." (Emphasis supplied).

In construing the word "injury" in that section, this court has consistently held that when the disablement or compensable injury does not occur simultaneously with the accident producing it, a claim for compensation filed within two years after the resulting injury develops, or becomes apparent, is timely filed. See i.e. *International Detrola Corporation* v. *Hoffman* (1947), 224 Ind. 613, 70 N. E. 2d 844; *S. G. Taylor Chain Co.* v. *Marianowski* (1932), 95 Ind. App. 120, 182 N. E. 584; *Muehlhausen Spring Co.* v. *Szewczyk* (1937), 104 Ind. App. 161, 8 N. E. 2d 104. It thus appears that under the law as it stood at the time the appellee fell, the claim in this case was seasonably filed.

In the session of 1947, § 24 was amended, so that on August 5, 1948, the date upon which appellee filed his application, it read as follows: "The right to compensation under this act shall be forever barred unless within two (2) years after the *occurrence of the accident,* . . . a claim for compensation thereunder shall be filed with the industrial board." Burns' 1940 Replacement (1947 Supp.), § 40-1224. (Emphasis supplied).

It seems apparent that the appellee's cause was well grounded and timely filed unless it had been cut off by the amendment of 1947.

We have many times held that the Act is contractual, and its provisions become a part of the contract of employment between the employer and the employee. *Carl Hagenbeck, etc., Shows Co.* v. *Leppert* (1917), 66 Ind. App. 261, 117 N. E. 531;

*Collwell* v. *Bedford Stone, etc., Co.* (1920), 73 Ind. App. 344, 126 N. E. 439; *Rogers* v. *Rogers* (1919), 70 Ind. App. 659, 122 N. E. 778; *Johns Manville, Inc.* v. *Thrane* (1923), 80 Ind. App. 432, 141 N. E. 229.

Under his contract of employment the appellee was lawfully entitled, at the time he fell, to receive compensation if a compensable injury resulted therefrom, even though it took several years for a compensable injury to develop, for the appellee could still recover therefor upon filing his application within two years after the injury had developed and become apparent. Assuming a resulting injury, his right to recover compensation vested when he fell, and the rights and liabilities of the parties were fixed by the law then in effect.

It is our duty to apply the statute so as to avoid any conflict with constitutional limitations if such can be done. To permit legislation enacted after the appellee fell to deprive him of compensation would be to strike down a vested, substantive right. Moreover, it would result in distrust, uncertainty and confusion. It would deprive the appellee of that to which he is justly entitled and would unjustly enrich the appellant. We are convinced the legislature did not intend such a result.

The conclusion reached is supported, we think, by *Collwell* v. *Bedford Stone, etc., Co., supra,* and *Riggs* v. *Lehigh Portland Cement Co.* (1921), 76 Ind. App. 308, 131 N. E. 231. See also *Central Indiana R. Co.* v. *Davis, Admx.* (1922), 78 Ind. App. 341, 132 N. E. 611. We have carefully considered *Standard Acc. Ins. Co.* v. *Miller* (1948), 170 F. 2d 495, upon which the appellant strongly relies, and find nothing in that case which persuades us to the contrary.

The appellant asserts error in the admission of certain evidence. Appellant's objection thereto, made to the hearing member, was not renewed at the hearing before the full board. Therefore, no question is presented. *Hayes* v. *Joseph E. Seagram & Co.* (1944), 222 Ind. 130, 52 N. E. 2d 356; *Deszancsity* v. *Oliver Corporation* (1948), 118 Ind. App. 504, 81 N. E. 2d 703.

The award is within the range of the evidence considered without objection by the full board, and is therefore not excessive.

Award affirmed, with statutory 5% penalty.

Wiltrout, P. J., not participating.

NOTE.—Reported in 88 N. E. 2d 175.

## ON PETITION FOR REHEARING

DRAPER, C. J.—In its petition for rehearing the appellant says that where a right is given by statute, the repeal of the statute with no saving clause takes away such right of action in all cases that have not proceeded to final judgment. That is generally true, but it is not true when rights have vested under the law before its repeal. *The Board of Comm'rs of St. Joseph County* v. *Ruckman* (1877), 57 Ind. 96. As said in *Rupert* v. *Martz* (1888), 116 Ind. 72, 18 N. E. 381, "There are no vested rights in the law generally, nor in legal remedies, and hence changes in them by the legislature do not fall within the constitutional inhibition, *unless they are of such a character as to materially affect the obligation of contracts.*" (Emphasis supplied). As stated in our original opinion, we think we are dealing here with a con-

tractual relationship under which a right had vested in the appellee.

But the appellant says that, even so, a change in the time for filing actions to enforce rights arising out of contract does not impair the obligation of a contract. That also is generally true, but the legislature cannot, without offending the constitution, shorten the time for filing an action so as to destroy or abolish every means for enforcing a contractual obligation. *Davis* v. *Rupe et al.* (1888), 114 Ind. 588, 17 N. E. 163; *Sansberry* v. *Hughes* (1910), 174 Ind. 638, 92 N. E. 783.

In this case the amendment to § 24 took effect April 1, 1947. The appellee had fallen on March 7, 1944. The injuries resulting from the fall did not develop or become apparent until November 1947. To say, as contended for by the appellant, that § 24 as amended cut off the appellee's right to file a claim for compensation, would be to completely destroy the appellee's remedy, leaving him without remedy of any kind. As said in our original opinion, it is our duty to apply the statute so as to avoid any conflict with constitutional limitations, if such can be done.

Our decision will not, as claimed by the appellant, permit any employee who began his employment prior to April 1, 1947, to claim compensation at any date in the future for any resulting injury received while on the same job. Sec. 24 as amended governs all cases where the "occurrence of the accident" follows that date. We think that is what the legislature intended. See 59 C. J., Statutes, § 696, p. 1171.

We have made no effort to exhaust the subject. The cases above referred to were cited in appellant's brief on petition for rehearing. Those cases, and the others

therein cited seem to us to support our original opinion, and so the petition for rehearing is denied.

So ordered.

Wiltrout, J., not participating.

Note.—Petition for Rehearing reported in 88 N. E. 2d 915.